## MMHP, INC.

v.

## Donna OWEN and Rosa Anderson,

v.

## James V. DAVIS and MMHP, Inc.

Supreme Judicial Court of Maine.

Argued March 16, 1992.

Decided April 22, 1992.

John F. Shepard (orally), Shepard & Shepard, Freeport, for appellant.

Neil S. Shankman (orally), Shankman & Associates, Lewiston, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Rosa Anderson appeals from the summary judgment in favor of MMHP, Inc. and its president James K. Davis, entered in the Superior Court (Cumberland County, *Brodrick, J.*) on her claim against them seeking remedies pursuant to 14 M.R.S.A. § 6014 (Supp.1991).[1] She contends that the trial court erred in its determination, as a matter of law, that Anderson was not a tenant of MMHP. We affirm the judgment.

The stipulated facts, documents and record submitted to the trial court for its determination of whether Anderson was a tenant of MMHP discloses the following: MMHP operates a mobile home park. Anderson purchased a mobile home, situated on a lot in the MMHP park, from Davis. By a written agreement identifying Anderson as the "landlord" and Owen as the "tenant," Anderson leased the mobile home to her daughter Donna Owen. Owen signed all the MMHP rental documents and the receipt of its rental rules as a tenant of MMHP. Owen was the sole occupant of the mobile home and the only one who paid the rent to MMHP for its premises, although some of the funds for that rent were provided to Owen by Anderson. After giving Owen several notices concerning violations of park rules and late payment

---

1. 14 M.R.S.A. § 6014 provides exemplars of illegal evictions and prescribes the remedies, in addition to any other rights and remedies conferred by law, available to an illegally evicted tenant.

of rent, MMHP gave Owen a timely notice to quit the premises.

Following the entry of a default judgment against Owen on the forcible entry and detainer action brought by MMHP, MMHP served Owen with a writ of possession. Owen left the premises but did not remove the mobile home. MMHP removed the mobile home to Bisson Moving and Storage, Inc. and instituted the present action in the District Court against Owen to recover back rent, costs and attorney fees and against Anderson to recover the costs of moving and storing the mobile home. Pursuant to M.R.Civ.P. 76C, Anderson and Owen removed the action to the Superior Court. Anderson filed a counterclaim against MMHP and a third-party complaint against Davis, claiming, *inter alia*, that because none of the notices in connection with the eviction proceedings had been served on her she was an illegally evicted tenant entitled to the remedies provided by section 6014.

At the hearing on the motion for a summary judgment filed by MMHP and Davis, there was no dispute as to the facts giving rise to Anderson's claim against MMHP and Davis. Rather, the parties requested that based on the stipulated facts and the documents submitted to it the court determine as a matter of law whether Anderson was a tenant of MMHP. The court determined that Anderson was not a tenant of MMHP and granted the motion for summary judgment, and Anderson appeals. We find no error in the court's determination, and accordingly, we affirm the judgment. *See* M.R.Civ.P. 56 (summary judgment shall be granted when no genuine issue as to any material fact and any party entitled to judgment as a matter of law).

The entry is:

Judgment affirmed.

All concurring.